UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA     : | |
|                                                              : | |
| v.                                                         : | CR. NO. 1:05-00454-01 (RWR) |
|                                                              : | |
| DONALD DEAN SHACKELFORD,  : | |
|     et al.                                                : | |

GOVERNMENT'S MOTION TO EXCLUDE
TIME UNDER THE SPEEDY TRIAL ACT

INTRODUCTION

The United States respectfully submits this motion to exclude time from the calculation of the date by which Defendants Donald Dean Shackelford ("Shackelford") and Jeffrey Viola ("Viola") must be tried in this case pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. As set forth below, the Speedy Trial Act specifically authorizes the Court to exclude time relating to a continuance of the trial date in the interests of justice because of the complexity of the case, 18 U.S.C. § 3161(h)(8)(A).

### I.    FACTUAL BACKGROUND

### A.    General Background

This prosecution is based upon evidence obtained during a lengthy international investigation by the Drug Enforcement Administration (DEA) and other foreign law enforcement agencies of a drug trafficking organization based on the island of Sint Maarten ("St. Maarten"), the Netherlands Antilles, located in the Caribbean Sea. The Netherlands Antilles is part of the Kingdom of the Netherlands ("Holland") and therefore is subject to the jurisdiction of Dutch law enforcement authorities.

On August 29, 2005, Dutch law enforcement agents on St. Maarten conducted surveillance of the two American targets, Shackelford and Viola, who had been utilizing mail courier services to purchase precursor chemical used in the manufacture of lysergic acid diethylamide ("LSD").  The Dutch authorities had been advised of possible precursor shipments to the defendants by United States law enforcement authorities after a precursor chemical shipment from the Czech Republic to the defendants was inadvertently sent to San Francisco, California, in the United States, rather than San Francisco *Street*, Panama City, Republic of Panama, where the defendants utilized a mail service that forwarded packages to their mailing address on St. Maarten.  After DEA was notified of the misguided precursor shipment from the Czech Republic, DEA agents in San Francisco, California obtained search warrants for various e-mail accounts used by Shackelford and Viola to obtain materials used in the manufacture of LSD.

Dutch authorities arrested Shackelford and Viola on August 29, 2005, after the two picked up a package containing two hundred fifty (250) grams of ergocristine, an LSD precursor, from a DHL courier-service facility on Saint Maarten.  Following the arrest, the Dutch authorities obtained a search warrant for the residence where Shackelford and Viola were staying on St. Maarten.  At the residence, the Dutch police discovered a laboratory believed to be used to manufacture LSD.

The Dutch authorities on St. Maarten contacted their headquarters in Holland, which immediately dispatched a hazardous materials ("HazMat") team to investigate the St. Maarten residence.  On August 30, 2005, the Dutch HazMat team entered and searched the defendants' residence, where they found laboratory equipment; several unused sheets of "blotter paper,"

which is used to deliver individual doses of LSD for ingestion;[1] one partial sheet of blotter paper that later tested positive for the presence of LSD; and enough precursor chemicals to manufacture an estimated one million (1,000,000) doses of LSD. The Dutch HazMat team also found instructional materials on the topic of manufacturing LSD, as well as a hand-written diary, believed to be written by Shackelford, explaining how to manufacture LSD. The Dutch authorities contacted DEA, who began assisting in the investigation on St. Maarten.

Further investigation by DEA revealed that in December 2004, the United States Bureau of Customs and Border Protection in Memphis, Tennessee intercepted a package that was mailed to an individual named Ryan Eaton ("Eaton") in New Orleans, Louisiana, and which came from the same mailbox address in St. Maarten used by Shackelford and Viola to receive their precursor chemical shipments; the package contained one thousand (1000) doses, or "hits" of LSD on blotter paper that contained a stamped logo identical to blotter paper found in the residence on St. Maarten. The Louisiana State Police performed a controlled delivery of the package to Eaton at his residence in New Orleans; shortly after which Eaton was arrested on Louisiana state charges.

On December 22, 2005, a grand jury of the U.S. District Court for the District of Columbia returned a one-count indictment against Donald Dean Shackelford and Jeffrey Viola charging Conspiracy to Manufacture and Distribute ten (10) grams or more of Lysergic Acid Diethylamide (LSD) with Intent to Import into the United States, in violation of Title 21, United States Code, Section 963; in conjunction with Title 21, United States Code, Sections 959(a)(1) and 960, and Title 18, United States Code, Section 2. On December 22, Shackelford and Viola

---

[1] A full sheet of blotter paper typically is soaked in a solution containing LSD, allowed to dry, and then torn off into thumb-sized squares for delivery of individual doses by oral ingestion.

appeared before the United States Magistrate Court in the District of Columbia for initial appearance and arraignment. On December 29, the Magistrate Court ordered Shackelford detained pending trial and authorized the pretrial release of Viola subject to an appropriate bond.

### B. The Evidence

So far, the discovery in this case amounts to hundreds of pages of documents, along with hundreds of photographs. The Government further expects still additional documents from Holland, where much of the relevant physical evidence was sent for forensic analysis, including chemical testing. At a trial, some witnesses would be traveling to the District of Columbia from Memphis, New Orleans, and San Francisco in the United States, and from Holland in Europe and the Netherlands Antilles in the Caribbean Sea.

Part of the evidence consists of an approximately one hundred twenty-six (126) page investigative report prepared by the Dutch police on St. Maarten. This report is presently being translated into English from Dutch; the transcript is expected to be completed by early February. In addition, the Dutch authorities in Holland are preparing a laboratory analysis of the chemicals seized on St. Maarten, which also should be completed in February.

### II.   LEGAL ANALYSIS

The Speedy Trial Act ordinarily requires a defendant to be tried within seventy days from the filing of his indictment or from the date on which he or she appears before a judge or magistrate, whichever occurs last. 18 U.S.C. § 3161(c)(1). Numerous exceptions exist, however, that exclude time from the seventy day period. One specific exception authorizes the Court to effectively toll the seventy-day trial period by granting a continuance on the basis of the court's findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

> In determining whether to grant a continuance, one factor the Court must consider is
>
> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits [prescribed by the statute].

18 U.S.C. §3161(h)(8)(B)(ii).  Numerous decisions have declared cases to be sufficiently "complex" within the meaning of the Speedy Trial Act to warrant a continuance of the trial date. In United States v. Brooks, 697 F.2d 517 (3d Cir.1982), for example, the appellants challenged their criminal convictions, asserting violations of their rights under the Speedy Trial Act.  In rejecting these claims, the Third Circuit upheld the decision of the district court granting a continuance pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(ii).

In Brooks, the trial court relied on the fact that the indictment charged nine individuals with engaging in a lengthy drug conspiracy involving the manufacture and distribution of a controlled substance in violation of Title 21, United States Code, Section 846.  The indictment also detailed four separate substantive charges of possession and distribution of controlled substances by some members of the conspiracy.  On these facts, the Third Circuit concluded that the trial court's holding that the case was complex and warranted additional time for preparation before trial was proper. Id. at 522.

Similarly, in United States v. Al-Arian, 267 F. Supp. 2d (M.D. Fla. 2003), the trial court concluded that a case involving a group of international criminals was sufficiently complex to warrant granting the government's continuance request.  The evidence in that case consisted of twenty-one thousand (21,000) hours of recorded conversations in Arabic, hundreds of boxes of documentary evidence, and voluminous other foreign law enforcement materials.  Based upon the complexity of the case the trial court granted a continuance from June 5, 2003, until January

10, 2005 - a period of nineteen (19) months.  See also United States v. Kamer, 781 F.2d 1380 (9th Cir. 1986) (concluding that an "ends of justice" continuance for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which were in the Dutch language, and many foreign witnesses);  United States v. Strong, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

A continuance of the present case would serve the interests of justice because of the complex nature of the prosecution.  The investigations conducted in this case collectively have generated hundreds of pages of reports and files from authorities in the United States, Holland, and the Netherlands Antilles.  Significant documents in this case were written in Dutch and will need to be translated into English.  Moreover, several of the Government's potential witnesses reside outside of the District of Columbia and must be brought here from Holland; the Netherlands Antilles; Memphis, Tennessee; New Orleans, Louisiana; and San Francisco, California to testify at trial.  In addition, because the case involves the extraterritorial application of United States law and the prosecution of an international drug conspiracy, it might present novel questions of fact or law.

Accordingly, the Government submits that the ends of justice would be served and the interests of the public and the defendant are outweighed by granting a continuance of the trial date.  At this early stage of the trial proceedings, it is impossible to gauge how long it will take the parties to prepare for trial.

### III.  CONCLUSION

Based on the foregoing, the Government therefore requests that the case be certified as complex, and that the Court consider the setting of the time for trial at a future status hearing.

                                          Respectfully submitted,

                                          THOMAS PADDEN
                                          Acting Section Chief
                                          Narcotic and Dangerous Drug Section
                                          Criminal Division
                                          U.S. Department of Justice

Date: January 21, 2006                          s/John M. Gillies
                                          John M. Gillies
                                          Narcotic and Dangerous Drug Section
                                          Criminal Division, U.S. Department of Justice
                                          1400 New York Avenue, N.W., Suite 8000
                                          Washington, DC 20005
                                          Tel.:  202-307-2354
                                          Fax.:  202-514-0483
                                          Email: John.Gillies@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing motion was transmitted by electronic mail via Electronic Case Filing (ECF) to Nathan I. Silver, Esquire, counsel for Donald Dean Shackelford, and Jonathan S. Jeffress, Esquire, counsel for Jeffrey Viola, this 21th day of January, 2006.

      s/John M. Gillies
John M. Gillies
Narcotic and Dangerous Drug Section
Criminal Division, U.S. Department of Justice
1400 New York Avenue, N.W., Suite 8000
Washington, DC 20005
Tel.: 202-307-2354
Fax.: 202-514-0483
Email: John.Gillies@usdoj.gov